UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWIN NIEVES,<br><br>   Plaintiff,<br><br> v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>   Defendant. | Civ. No. 12-5590 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

  Plaintiff Edwin Nieves ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g), seeking review of a final determination by the Commissioner of Social Security (the "Commissioner") denying his application for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act (the "Act"). 42 U.S.C. §§ 1381-1383(f). For the reasons that follow, the Commissioner's decision is **AFFIRMED**.

  **I. ADMINISTRATIVE FRAMEWORK**

  Under the Act, a person who has a "disability" is entitled to SSI payments from the Social Security Administration ("SSA"). The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). The definition is qualified, however, as follows:

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.

42 U.S.C. § 423(d)(2)(A).

  **A. The Five-Step Sequential Analysis**

Acting pursuant to its rulemaking authority, the SSA has promulgated regulations establishing a five-step sequential evaluation process to determine if a claimant has a disability. 20 C.F.R. § 404.1520 (2003). At Step One, the SSA will find that a claimant is not disabled unless he demonstrates that he is not working at a "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b). At Step Two, the SSA will find no disability unless the claimant shows that he has a "severe impairment," defined as "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant successfully demonstrates that he has a severe impairment, the SSA determines at Step Three whether the impairment is on a list of impairments presumed severe enough by the SSA to render one disabled; if so, the claimant qualifies. 20 C.F.R. §§ 404.1520(d), 416.920(d). If, however, the claimant's impairment is not on the list, the inquiry proceeds to Step Four and the SSA assesses whether the claimant has the residual functional capacity ("RFC") to perform his previous work. Unless he shows that he cannot, he is determined not to be disabled. If the claimant survives Step Four, then Step Five requires the SSA to consider "vocational factors" (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(f), 404.1560(c), 416.920(f), 416.960(c). Unlike the first four steps in the evaluation process, the burden of proof at Step Five is on the agency. *See Ramirez v. Barnhart*, 372 F.3d 546, 550-551 (3d Cir. 2004).

## II. FACTUAL AND PROCEDURAL BACKGROUND

On April 14, 2009, Plaintiff filed an application for SSI disability benefits, claiming disability due to lumbar disc disease. (R. 114.) Plaintiff's claims were denied initially on May 29, 2009 and upon reconsideration on June 11, 2009. (R. 17.) Thereafter, on December 22, 2010, Plaintiff appeared before Administrative Law Judge Michal L. Lissek (the "ALJ") at a hearing on his disability claims. (R. 37-69.) At that hearing, Plaintiff's attorney explicitly stated that Plaintiff's low back condition was the only impairment or limitation being presented to the ALJ for purposes of rendering a disability determination. (R. 32.)

On January 18, 2011, the ALJ issued a decision finding that Plaintiff was not disabled. The ALJ examined the record and determined that: (1) at Step One, Plaintiff had not engaged in substantial gainful activity since September 10, 2004; (2) at Step Two, that Plaintiff had a severe impairment of lumbar disc disease only, and explicitly noted that "[i]n some of the [Plaintiff's] history notes, there is a mention of psychotic disorder related to substance abuse [but that b]eyond this brief mention, the record contains no diagnoses or treatment related to this condition, and the claimant has not sought present help regarding this condition. As such, allegations of psychotic disorder are both non-continuous, intermittent and non-lasting and medically non-determinable" (R. 19); (3) at Step Three, that Plaintiff's impairments did not meet or equal the

impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) at Step Four, that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. 404.1567(b) 416.967(b),[1] but that Plaintiff was unable to perform his past relevant work as a carpet installer; and (5) at Step Five, after considering Plaintiff's age, education, work experience and RFC, the ALJ found that Plaintiff was capable of performing other jobs that exist in significant numbers in the national economy. (R. 17-23.)

In arriving at that determination, the ALJ indicated: (1) that he afforded significant weight to the medical assessments of: (i) Dr. Edward Milman, who examined views of Plaintiff's lumbar spine – via an April 21, 2009 magnetic resonance image ("MRI") – and concluded that Plaintiff suffered from a central disc bulge which slightly indented the central thecal sac but did not cause significant central canal stenosis or neural foraminal narrowing and did not impinge on any nerves (R. 22, 243-44); and (ii) Dr. Waldemar Silva, Plaintiff's pain management specialist, whose medical records indicated that Plaintiff was not a surgical candidate, suffered no acute physical distress from the bulging disc, and experienced symptom improvement with treatment (R. 17, 256-58); (2) that the severity of the pain and dysfunction alleged by Plaintiff was not supported by the medical evidence of record; and (3) that Plaintiff gave hearing testimony in which he indicated that he could lift between thirty and forty pounds and walk two block without rest. (R. 38-39, 156.)

Plaintiff thereafter filed a request for review of the ALJ's decision, which the Appeals Council denied on July 10, 2012. (Pl.'s Br. 1-2, ECF No. 10.) Plaintiff now brings the instant appeal, challenging the ALJ's determination that he was "not disabled" from September 10, 2004.

### III. STANDARD OF REVIEW

For the purpose of this appeal, the Court conducts a plenary review of the legal issues. *See Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir.1999). The factual findings of the ALJ are reviewed "only to determine whether the administrative record contains substantial evidence supporting the findings." *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000). Substantial evidence is "less than a preponderance of the evidence but more than a mere scintilla." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004) (citation omitted). The Court is bound by the ALJ's findings that are supported by substantial evidence "even if [it] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). Thus, this Court is limited in its review in that it cannot "weigh the evidence or substitute its

---

[1] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. 416.967(b).

conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992).

## IV. DISCUSSION

Plaintiff advances the following arguments on appeal: (1) the ALJ failed to properly articulate his basis for determining that Plaintiff was capable of performing light work during his RFC analysis; and (2) the ALJ erred by not relying on the testimony of a vocational expert to determine Plaintiff's ability to perform other jobs that exist in substantial numbers in the national economy.

### (1) The ALJ's RFC Analysis

Plaintiff first claims the ALJ erred at Step Four in finding that Plaintiff had the RFC to perform light work as that determination lacks substantial record support. (Pl.'s Br. 10-12.) The Court disagrees.

When determining a Plaintiff's residual functional capacity, the ALJ must consider all evidence before him. *Plummer v. Apfel*, 186 F.3d 422, 426 (3d Cir. 1999). The ALJ must then indicate the evidence he relied upon in arriving at his RFC determination, and if the ALJ rejects or discounts some of the evidence presented, he must articulate why he found that evidence unpersuasive. *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 121 (3d Cir. 2000).

Here, the ALJ found that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. 404.1567(b) 416.967(b). In making that determination, the ALJ relied on Dr. Milman's report on the 2009 MRI of Plaintiff's lumbar spine when noting that Plaintiff's central disc bulge appeared to cause only "mild" impairments to Plaintiff. (R. 21.) The ALJ further noted such a finding was consistent with Dr. Silva's treatment records which indicated that Plaintiff suffered no acute distress as a result of that bulge, was not a surgical candidate, and that Plaintiff's condition improved with pain medication. (R. 256-58.)

The ALJ further noted that he afforded limited credibility to Plaintiff's subjective complaints about the severity of his impairment in light of certain inconsistencies between Plaintiff's testimony and the aforementioned medical evidence. The ALJ explicitly noted the inconsistencies between Plaintiff's self-prepared Disability Report, in which he stated that he was unable to lift over five pounds or walk a block-and-a-half before needing rest and Plaintiff's hearing testimony in which he stated that he could lift between thirty and forty pounds and walk two blocks without needing rest. (*See* R. 38-39, 156.)

In short, the ALJ clearly indicated the objective medical evidence he relied on to determine that Plaintiff had the RFC to perform light work. Furthermore, in finding

Plaintiff's subjective complaints about the severity of his pain and dysfunction to be not credible and therefore unpersuasive, the ALJ expressly noted Plaintiff's inconsistent testimony and the lack of support from the medical evidence of record. (R. 22.) Accordingly, the ALJ's analysis of Plaintiff's RFC at Step Four was proper.

**(2) The ALJ Was Not Required to Use a Vocational Expert**

Plaintiff further claims that the ALJ erred at Step Five by only relying on the Medical-Vocational Tables (the "Grids") to find that there are jobs that exist in significant numbers in the national economy that Plaintiff is capable of performing. More precisely, Plaintiff asserts that in order to make such a finding, the ALJ was also required to consult a vocational expert in light of certain and unspecified "additional [non-exertional] limitations." (Pl.'s Br. 22-24.) Again, the Court disagrees.

When a claimant exhibits only exertional (*i.e.* strength) impairments, the ALJ may rely directly on the Grids at Step Five to determine whether a claimant is able to perform other jobs that are available in significant numbers in the national economy. *Sykes v. Apfel*, 228 F.3d 259, 269 (3d Cir. 2000). On the other hand, when a claimant presents a combination of exertional and non-exertional (*i.e.* emotional and pain-based) impairments, the ALJ cannot rely solely on the Grids at Step Five. *Id.* at 270. Instead, the ALJ must either call a vocational expert or rely on similar evidence, such as a learned treatise, to determine how claimant's non-exertional impairments affect his RFC. *Id.* at 273.

In this matter, the ALJ explicitly found that Plaintiff's only severe impairment was lumbar disc disease, which is an exertional impairment. *Marquez v. Astrue*, No. 10-cv-463 (JBS), 2011 WL 835604 at *9 (D.N.J. Mar. 4, 2011). That is the only impairment which the ALJ was required to consider at Step Five of his analysis. And while the ALJ did state that Plaintiff's unspecified "additional limitations have little or no effect on the occupational base of unskilled work," beyond the ALJ's passing reference to Plaintiff's "[brief] mention of psychotic disorder related to substance abuse" which the ALJ discounted as "non-continuous, intermittent and non-lasting and medically non-determinable" at Step Two, R. 19, the record does not demonstrate the existence of any additional limitations or impairments which the ALJ erred in failing to consider. In fact, at Plaintiff's December 22, 2010 hearing, Plaintiff's attorney explicitly stated that Plaintiff's low back condition was the only impairment or limitation being presented to the ALJ for purposes of rendering a disability determination. (R. 32.)

In short, and because Plaintiff's lumbar disc disease is an exertional impairment and was the only impairment or limitation presented to the ALJ to consider when rendering his disability determination, the testimony of a vocational expert was not required for the ALJ to properly determine that Plaintiff was capable of performing other jobs available in significant numbers in the national economy at Step Five. As such, under *Sykes*, the ALJ properly relied solely on the Grids at Step Five to determine how

Plaintiff's exertional impairments affected his ability to perform other jobs. *Sykes v. Apfel*, 228 F.3d 259 (3d Cir. 2000).

## V. CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED**. An appropriate order follows.

                                              /s/William J. Martini
                                   **WILLIAM J. MARTINI, U.S.D.J.**

**Date: July 22, 2013**